

HENRY L. KIM*
CELINA M. CHO**
JOSHUA S. LIM*
KENDAL SIM*
SEOKCHAN (SEAN) KWAK*
NICHOLAS J. DUBOIS*
SHAWN S. LEIGH***

\*   Admitted in NJ & NY
\*\*  Admitted in AZ only
\*\*\* Admitted in NJ and TX only

**KIM, CHO & LIM, LLC**
Attorneys at Law

460 Bergen Boulevard, Suite 305, Palisades Park, NJ 07650
T: 201.585.7400   F: 201.585.7422

NY Office:
n Boulevard
2nd Floor
g, NY 11358
18.539.7400
17.463.1590

Reply to NJ Address only

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/29/21

September 27, 2021

Via ECF
United States District Court for the Southern District of New York
ATTN: HON. ALISON J. NATHAN, U.S.D.J.
40 Foley Square, Room 2102
New York, New York 10007-1502

> RE:  HYUNHUY NAM v. PERMANENT MISSION OF THE REPUBLIC OF KOREA TO THE UNITED NATIONS, *et al.*; Case No.: 1:21-cv-6165-AJN
> Request for Pre-Motion Conference Concerning Defendant's Motion to Dismiss

Your Honor:

**Request for Pre-motion Conference.** The Permanent Mission of the Republic of Korea to the United Nations (hereinafter, the "Mission") and three officers, Hyon Cho, Jinho Jo, and Daeyong Chung (collectively, "Diplomats"), are defendants in this matter. The Mission is a constituent part of the Government of the Republic of Korea (the "ROK" or South Korea) responsible for its diplomatic interests at the United Nations since joining in September of 1991. By and through their counsel Kim, Cho & Lim, LLC, the defendants respectfully request a pre-motion conference under Loc. Civ. R. 7.1(d) and this honorable Court's individual procedures, in anticipation of a dispositive, pre-discovery Fed. R. Civ. P. 12(b)(1), (6) and 56 motion, as well as a possible joint stipulation of fact to expedite a disposition.

**Sovereign Immunity in Settled Dispute.** The Mission and Diplomats respectfully submit that they are not susceptible to the jurisdiction of this Court, or that of any U.S. state, pursuant to the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1602, to -11, and universally accepted principles of international law. No exception applies, nor did a waiver occur under FSIA, which is the sole basis upon which this or any U.S. court could exercise jurisdiction over a foreign sovereign entity. *Swarna v. Al-*

*Awadi,* 622 F.3d 123, 143 (2d Cir. 2010). That the Mission is an instrumentality of a sovereign state is not in dispute. *See* Compl. (DE-1) at ¶¶ 3-7, 17; Therefore, it is the plaintiff's "burden of going forward with evidence showing that, under exceptions to the FSIA, immunity should not be granted." *Gater Assets Ltd. v. AO Moldovagaz*, 2 F.4th 42, 52 (2d Cir. 2021) (internal quotation omitted).

**Diplomatic Employee Regulations.** Hyunhuy Nam ("Nam" or "Plaintiff") couches the Complaint in terms of a conventional labor dispute. But as an initial matter, all diplomatic staff, including Nam, are employed pursuant to official guidelines and bylaws for overseas diplomatic personnel of the Republic of Korea, which adhered to all such provisions. No one at the Mission may vary any term, regardless of rank. (*See* enclosed official letter from the Ministry of Foreign Affairs of the Republic of Korea to the Court with translated excerpts therefrom). Also, Plaintiff was paid in cash, for the Mission is exempt from Federal, State, and local tax in accordance with the Foreign Missions Act. 22 U.S.C. § 4301; *See* enclosed letter from the United States Department of State. Besides, Plaintiff's claims are still barred by his settlement agreement with the Mission, the existence of which agreement is also undisputed (although Nam is now refusing his check). *See* Compl. ¶ 94. "Courts have repeatedly upheld the validity of broadly-worded releases with respect to claims brought pursuant to New York employment statutes." *Hummel v. AstraZeneca LP*, 575 F. Supp. 2d 568, 570 (S.D.N.Y. 2008) (Marrero, J.) (collecting cases).

**Plaintiff Falls Within Sovereign Function.** Plaintiff is a South Korean national formerly employed as a Mission chauffeur until reaching the retirement age of 60 in June of 2020. *See* Compl. ¶¶ 10, 25, 89-100, 136-43, 144-47, and Count VII. South Korea's retirement age of 60 was noted in *Kim v. Korea Trade Promotion-Invest. Ag.* ("*KOTRA*"), 51 F.Supp.3d 279, 282 (2014). There, District (now Second Circuit) Judge Sullivan affirmed that the "implied waiver provision of Section 1605(a)(1) must be construed narrowly." *Id.* at 284 (quoting *Smith v. Socialist People's Libyan Arab Jamahiriva*, 101 F.3d 239, 343 (2d Cir. 1996)).

Plaintiff claims that chauffeuring falls under FSIA's commercial activity exception, but under federal precedents, chauffeurs are civil servants of the sending state, and work in furtherance of diplomatic, not commercial, interests. *See, e.g.*, *Figueroa v. Ministry for Foreign Affairs of Sweden*, 222 F.Supp.3d 304, 312 (S.D.N.Y. 2016) (Koeltl, J) ("assessment of an employee's statues as a civil servant . . . should focus on the contemporary norms associated with civil service in the sovereign country at issue") (citing *Kato v. Ishihara*, 360 F.3d 106, 112 (2d Cir. 2004)); *see also* 14 Wright, Miller & Cooper, *Federal Practice and Procedure* § 3662, at 393 (2d ed. 1985) (FSIA was "not[ ] intended to alter either diplomatic or consular immunity"). Under *Kato*, Nam's role was sufficiently intertwined with the Mission's diplomatic function as to be "part of the governmental function", thus immune. *See KOTRA*, 51 F.Supp. 3d at 289 n.4 (quoting *Hijazi v. Permanent Mission of Saudi Arabi to U.N.*, 689 F.Supp.2d 669, 675 (S.D.N.Y.), *aff'd*, 403 Fed. Appx. 631 (2d Cir. 2010)). *Figueroa* directly addressed whether an "Office Clerk/Chauffeur" fell under the exception, holding the position to be "*undoubtedly governmental*" and "part of the defendant's sovereign function." *Id.* at 313, 315 (emphasis added); *and see Crum v. Kingdom of Saudi Arabia*, No. Civ. A. 05-275, 2005 WL 3752271, at *4 (E.D. Va. July 13, 2005) (hiring "driver to transport embassy officials, their families and guests, . . . does not amount to engaging in 'trade and traffic or commerce.'") (citing *El-Hadad v. United Arab Emirates* 496 F.3d 658, 664 n.2 (D.C. Cir. 2007) (other citations omitted).

**Conclusion.** Accordingly, the Mission and Diplomats respectfully request the Court schedule a pre-motion conference in the interests of judicial economy and an expeditious disposition of this matter.

Yours respectfully,
KIM, CHO & [...]

Enc.
cc:   Di[...]er

> The Court will hear Defendants' request to file a pre-discovery motion at the initial pretrial conference scheduled for October 15, 2021, at 3:15 p.m.
>
> SO ORDERED.
>
> /s/ Alison J. Nathan
> 9/29/21
> SO ORDERED.
> ALISON J. NATHAN, U.S.D.J.

EXHIBIT

A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HYUNHUY NAM,<br><br>                          Plaintiff,<br><br>v.<br><br>PERMANENT MISSION OF THE REPUBLIC OF KOREA TO THE UNITED NATIONS, HYUN CHO, JINHO JO, and DAEYONG CHUNG,<br><br>                          Defendants. | Case No.: 1:21-cv-06165-AJN<br><br>**DECLARATION OF BYUNGSEOK YOO IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND FOR SANCTIONS** |

Byungseok Yoo, of full age, hereby respectfully makes the following declaration pursuant to 28 U.S.C. § 1746(1):

1.  The undersigned is the duly appointed Head of Administration of the Permanent Mission of the Republic of Korea to the United Nations (the "Mission") in New York City.

2.  This Declaration is made upon personal knowledge, official files and records of the Mission, and information and belief, in support of the within motion to dismiss and for sanctions made on behalf of the defendant Mission and three of its diplomats: Hyun Cho, Jinho Jo, and Daeyong Chung (collectively "Defendants").

3.  All administrative employees of the Mission, including Nam and the undersigned, operate under guidelines established for overseas consular and diplomatic personnel by the Republic of Korea ("ROK" or "South Korea"), by its Ministry of Foreign Affairs (the "Ministry").

4.  All matters including compensation, benefits, amount of severance, and termination (retirement), without limitation, of administrative employees of the Mission are subject to these guidelines.

5.   No one at the Mission, regardless of rank, has authority or discretion to vary any of the provisions of the guidelines established by South Korea for its administrative employees.

6.   The ROK Government regards the guidelines to be internal, diplomatic material that cannot be disclosed to the public. However, it is recognized that certain provisions are relevant to this litigation and Defendants' motion, so limited disclosure by the undersigned has been authorized by the ROK Government for this purpose.

7.   The official guidelines are written in the Korean language. For the Court's consideration, the Mission respectfully presents below an approved, English translation of relevant portions of the guidelines by the Ministry for ROK's overseas missions generally:

> **The guidelines for the operation of administrative employees at overseas Missions, stipulated by the Ministry of Foreign Affairs, are as follows:**
>
> **Article 10 (Employment contract)**
>
> (1) The Mission shall conclude an employment contract in writing with the person whose employment has been confirmed, in accordance with Appendix No.1 document, and deliver a copy of the contract to the administrative staff.
>
> **Article 58 (Resignation)**
>
> (1) If an administrative employee falls under any of the following, resignation shall be processed:
>    1. If they submit a resignation letter and wish to resign
>    2. In case of death
>    3. If they have reached the retirement age
>    4. If the employment contract duration expires
>    5. If their dismissal is determined
>
> **Article 62 (Retirement age)**
>
> (1) The retirement age is 60.
>
> **Article 64 (Severance pay)**
>
> (1) If an administrative employee who has worked for more than 1 year

2

resigns, the Mission shall pay an average wage of 30 days for one year of continuous service as the severance pay.

*The calculation of severance pay:

Severance pay =
{ [ (base pay for three months before resignation + discretionary bonus for the past 1 year) / (number of days worked in the 3 months before resignation) ] x 30 } X (total days of work / 365)

8. With regard to the Mission specifically, the Ministry established the following regulations:

> **The guidelines for the operation of administrative employees at the U.N. Mission, stipulated by the Ministry of Foreign Affairs, are as follows:**
>
> **Article 3 (Employment contract)**
>
> (1) The recruitment of an administrative employee is completed when the administrative employee, under the mutual agreement with the head of the Mission, signs the employment contract, as specified in Attachment No.1 document.
>
> (2) The duration of the employment contract shall be one year from the date of signing the contract, and, if it is deemed necessary to continue working, the contract may be extended on a yearly basis.
>
> **Article 6 (Remuneration)**
>
> G (사). Severance pay
>
> (1) If a Korean administrative employee who has worked for more than 1 year resigns, the Mission shall pay an average wage of 30 days for one year of continuous service as the severance pay.
>
> A (가). Calculation of severance pay
>
> { [ (base pay for three months before resignation + discretionary bonus for the past 1 year) / (number of days worked in the 3 months before resignation) ] x 30 } X (total days of work / 365)
>
> **Article 7 (Resignation)**
>
> (1) If an administrative employee falls under any of the following, resignation shall be processed:

3

       1. If they submit a resignation letter and wish to resign
       2. In case of death
       3. If they have reached the retirement age
       4. If the employment contract duration expires
       5. If their dismissal is determined

**Article 8 (Retirement age)**

(1) The retirement age is 60.

9. All such guidelines are assiduously observed by the Mission, including in the case of Mr. Nam during the term of his employment.

10. The Mission is not required to issue employees an IRS form W-2 Wage and Tax Statement because the Mission is "exempt from paying Federal, state and local tax." *See* Letter from Office of Foreign Missions, U.S. Dept. of State, dated June 12, 2002 (citing Foreign Missions Act, 22 U.S.C. § 4301), a true copy of which is annexed hereto as **Exhibit "1"**.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and accurate.

Executed on: 25 August 2021

                                         BYUNGSEOK YOO

LANDRIT ALIBEGU
Notary Public - State of New York
NO. 01AL6399921
Qualified in Richmond County
My Commission Expires Nov 4, 2023

8/25/21

4

EXHIBIT

B



United States Department of State

Office of Foreign Missions
New York Regional Office

June 12, 2002

To Whom It May Concern:

    In 1982, the United States Congress passed the Foreign Missions Act (22 USC 4301) under which foreign missions, diplomats, and certain other categories of persons, living or traveling in the United States on official business for their government, are granted and exemption from the payment of all State and local restaurant, sales, lodging and similar use taxes.

    The Permanent Mission of the Republic of Korea to the United Nations is such a foreign mission and, as such, is exempt from Federal, state and local tax.

    If you have any questions, please feel free to call me at 212-826-4500.

                        Sincerely,

                        James B. Bond
                        Regional Director

866 United Nations Plaza, Suite 265, (First Ave. and 48th St.), New York, N.Y. 10017
Telephone: (212) 826-4500, Fax: (212) 826-4508