```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __1/4/22__
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Nam,

             Plaintiff,

    –v–

Permanent Mission of the Republic of Korea to the United Nations et al.,

             Defendants.

21-cv-6165 (AJN)

ORDER

---

ALISON J. NATHAN, District Judge:

    On December 13, 2021, Defendants moved to stay discovery pending resolution of their motion to dismiss. Dkt. No. 48. Plaintiff filed an opposition on December 22, 2021. Dkt. No. 55. The Court on December 27, 2021, issued an order denying Defendants' stay motion. Dkt. No. 56.

    On December 27, 2021, with leave of the Court, Dkt. No. 59, Defendants filed a reply, Dkt. No. 58. After careful consideration of Defendants' reply, the Court concludes that Defendants have not satisfied their burden of demonstrating good cause to stay discovery pending their motion to dismiss. *See Mirra v. Jordan*, No. 15-CV-4100 (AT) (KNF), 2016 WL 889559, at *2 (S.D.N.Y. Mar. 1, 2016); *O'Sullivan v. Deutsche Bank AG*, No. 17-CIV-8709 (LTS) (GWG), 2018 WL 1989585, at *4 (S.D.N.Y. Apr. 26, 2018) ("Courts consider: (1) the breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion." (cleaned up)). Most importantly, the Court finds that Plaintiff may be prejudiced by a stay of discovery because of the risk that material witnesses may leave the United States as part of the ordinary rotation of the Mission's staff. Dkt. No. 55 at 7. This consequence goes beyond

the typical delay that is an "inherent part of every stay of discovery." *In re Initial Pub. Offering Sec. Litig.*, 236 F. Supp. 2d 286, 287 (S.D.N.Y. 2002); *cf. Mirra*, 2016 WL 889559, at *3 (finding prejudice to plaintiff where there was a risk of "witnesses' memories . . . fading with time").

As to the other two factors, though the Court has not decided the merits of the pending motion to dismiss, the Court does not conclude that Defendants have made a "strong showing" that Plaintiff's claims are unmeritorious. *Mira*, 2016 WL 889559, at *2. As to Defendants' arguments about the burdens and timeliness of Plaintiff's discovery requests, the Court concludes that these concerns do not necessitate a stay of discovery. "If Defendants believe Plaintiff's discovery requests exceed the scope of Rule 26 or the parties' protective order entered November 5, 2021, Dkt. No. 37, then Defendants may, after meeting and conferring with Plaintiff, file an objection." Dkt. No. 56.

This resolves docket numbers 49, 50, 51, and 52.

SO ORDERED.

Dated: January 4, 2022
New York, New York

_____
ALISON J. NATHAN
United States District Judge