UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

Hyunhuy Nam,

               Plaintiff,

- against -

Permanent Mission of the Republic of Korea to the United Nations,

               Defendant.

Case No. 1:21-cv-06165

**SUPPLEMENTAL DAMAGE ANALYSIS BRIEF IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Yongjin Bae, Esq.
Hang & Associates, PLLC
136-20 38th Avenue, Ste 10G
Flushing, NY 11354

**PRELIMINARY STATEMENT**

Plaintiff Hyunhuy Nam (hereinafter, "Nam" or "Plaintiff"), by and through his counsel Hang & Associates, PLLC, hereby respectfully submits this supplemental damage analysis brief in further support of Plaintiff's motion for partial summary judgment under Fed. R. Civ. P. 56. For the reasons presented herein, Plaintiff respectfully requests that this Court should grant Nam's motion for partial summary judgment and award damages in the amounts set forth herein.

**DAMAGES ANALYSIS**

The damages Plaintiff seeks and is entitled to for the employment with Defendant are: (a) the full overtime rate for each overtime hour worked by Plaintiff, (b) spread-of-hours premiums for each workday, (c) statutory violations of wage notice and wage statement under NYLL, (d) liquidated damages under federal and state law, (f) prejudgment interests on his NYLL claims, and (g) reasonable attorney's fees and costs.

### I.  Compensatory Damages for Unpaid Overtime

Defendant hired Plaintiff on July 1, 2016 (Dkt #78-21,¶ 3, attached herewith as Exhibit B) and Plaintiff's employment with Defendant continued until June 30, 2021(Dkt #78-33,¶ 3, attached herewith as Exhibit B). Plaintiff filed his Complaint on July 20, 2021. (Dkt #11). Thus, Plaintiff is entitled to compensation for unpaid overtime and spread-of-hours premiums from July 1, 2016 to June 30, 2021.

### A.  Overtime due July 1, 2016 – June 30, 2017 (52 weeks)

TOTAL PAID

From July 1, 2016 until June 30 of 2017, the employment contract specified the benefits for Nam including his monthly regular wages of $1,900, housing subsidy of $1,450 and medical insurance subsidy of $1,087. (Dkt #78-21,¶ 5, attached herewith as Exhibit B). Pursuant to the

contract, Nam was paid $4,427 ($1,900+$1,450+$1,087) per month. (Exhibit A, Bates stamped as ROKPM0051). Nam's total payment for regular hours of work during the first year of employment were $54,952$^1$. *Id.* The employment contract also specified Off-Schedule wages, which "shall be $12 per hour on week days and $15 per hour on weekends but shall be capped at a maximum of $570 a month." (Dkt #78-21,¶ 5, attached herewith as Exhibit B). Defendant argued in her reply brief that Off-Schedule wages is not overtime wages, but the overtime verification ledger clearly shows that Nam recorded overtime hours where he worked more than 9 hours on the specific date. (Dkt #79-15, attached herewith as Exhibit C). The relevant argument has been fully briefed in Plaintiff's reply memo (See Dkt # 92, p12-13). The total amount Nam was paid for overtime during the same period was $7,234$^2$ for overtime. (Dkt #79-14, attached herewith as Exhibit D, bates stamped ROKPM0100 through ROKPM0111). Thus, Defendant paid Plaintiff a total of $62,186 ($54,952+$7,234) for the first year of Nam's employment.

### TOTAL OVERTIME WORKING HOURS

The overtime verification ledger shows Plaintiff's total overtime working hours during the same period. Plaintiff's overtime hours were 1,029.50$^3$ hours. *Id.*

### REGULAR RATE

The employment contract specified the benefits for Nam including his monthly regular wages of $1,900, housing subsidy of $1,450 and medical insurance subsidy of $1,087. (Dkt #78-21,¶ 5, attached herewith as Exhibit B). As Defendant specified overtime wages in the employment contract and paid the separate overtime wages, the monthly regular payment

---

[1] $4,437+$4,437+$4,437+$4,437+$4,437+$4,437+$4,437+$4,437+$4,389+$4,389+4,389+4,389+$1,900=$54,952
[2] Added TOTAL hours in the overtime verification ledger
[3] Added Overtime hours in the overtime verification ledger

covered only regular hours up to 40 hours per week and does not cover overtime hours. Nam's total monthly regular payment during the same period were $54,952 (Exhibit A, Bates stamped as ROKPM0051). Thus, Nam was paid $1,056.77 per week ($54,952 /52 weeks). For the foregoing reasons, Nam's regular rate is $26.42 ($1,056.77 /40 hours) and the required overtime rate was $39.63.

> STRAIGHT TIME
> 2,080 hours (52 weeks *40 hours/week) * $26.42 /hours=$54,953.60
> OVERTIME
> Hourly overtime rate= $26.42 *1.5=$39.63/hour
> Total overtime hours=1,029.50
> (1,029.50 hours)*$ 39.63/hours=$40,799.09
> TOTAL EARNED
> ($54,953.60 straight time) +($40,799.09 overtime) =$95,752.69
> Accordingly, Plaintiff is entitled to an award of compensatory damages for unpaid

overtime for his first year employment with Defendant in the amount of **$33,566.69** (total earned wages - wages paid for regular hours – wages paid for overtime working hours=$95,752.69-$54,952-$7,234).

### B.      Overtime due July 1, 2017 – June 30, 2018 (52 weeks)

TOTAL PAID

From July 1, 2017 until June 30 of 2018, Nam was paid $55,081[4] for his regular hours pursuant to the employment contract. (Exhibit A, Bates stamped as ROKPM0050-51) Nam was also paid $8,551[5] for overtime. (Dkt #79-14, attached herewith as Exhibit D, bates stamped ROKPM0088 through ROKPM0099) Thus, Defendant paid Plaintiff a total of $63,632 ($55,081+$8,551).

TOTAL OVERTIME WORKING HOURS

---

[4] Added monthly wages Nam was paid from July 2017 to June 2018 in Exhibit A

[5] Added TOTAL hours in the overtime verification ledger

3

The overtime verification ledger shows Plaintiff's total overtime working hours during the same period. Plaintiff's overtime hours were 857.25[6] hours. *Id*.

REGULAR RATE

Nam's total monthly payment for his regular hours during the same period were $55,081 (Exhibit A, Bates stamped as ROKPM0051-0052). Thus, Nam was paid $1,059.25 per week ($55,081/52 weeks). For the foregoing reasons, Nam's regular rate is $26.48 ($1,059.25 /40 hours) and the required overtime rate was $39.72.

> STRAIGHT TIME
> 2,080 hours (52 weeks *40 hours/week) * $26.48/hours=$55,078.40
> OVERTIME
> Hourly overtime rate= $26.48 *1.5=$39.72/hour
> Total overtime hours=857.25
> (857.25 hours)*$39.72/hours=$34,049.97
> TOTAL EARNED
> ($55,078.40 straight time) +($34,049.97 overtime) =$89,128.37
> Accordingly, Plaintiff is entitled to an award of compensatory damages for unpaid

overtime in the amount of **$25,496.37** (total earned wages - wages paid for regular hours – wages paid for overtime working hours =$89,128.37-$55,081- $8,551).

    **C.**    **Overtime due July 1, 2018 – June 30, 2019 (52 weeks)**

TOTAL PAID

From July 1, 2018 until June 30 of 2019, Nam was paid $58,599[7] for his regular hours pursuant to the employment contract. (Exhibit A, Bates stamped as ROKPM0050, also see Exhibit B). Nam was also paid $4,131[8] for overtime. (Dkt #79-14, attached herewith as Exhibit D, bates stamped ROKPM0076-87). Thus, Defendant paid Plaintiff a total of $62,730 ($58,599 +$4,131).

---

[6] Added Overtime hours in the overtime verification ledger
[7] Added monthly wages Nam was paid from July 2018 to June 2019 in Exhibit A
[8] Added TOTAL hours in the overtime verification ledger

### TOTAL OVERTIME WORKING HOURS

The overtime verification ledger shows Plaintiff's total overtime working hours during the same period. Plaintiff's overtime hours was 806.16[9] hours. *Id.*

### REGULAR RATE

Nam's total monthly payment for his regular hours during the same period were $58,599 (Exhibit A, Bates stamped as ROKPM0050) and Nam was paid $1,126.90 per week ($58,599/52 weeks). For the foregoing reasons, Nam's regular rate is $28.17 ($1,126.90 /40 hours) and the required overtime rate was $42.26.

> STRAIGHT TIME
> 2,080 hours (52 weeks *40 hours/week) * $28.17 /hours=$58,593.60
> OVERTIME
> Hourly overtime rate= $28.17 *1.5=$42.26/hour
> Total overtime hours=806.16
> (806.16 hours)*$42.26/hours=$34,068.32
> TOTAL EARNED
> ($58,593.60 straight time) +($34,068.32 overtime) =$92,661.92
> Accordingly, Plaintiff is entitled to an award of compensatory damages for unpaid

overtime in the amount of **$29,931.92** (total earned wages - wages paid for regular hours – wages paid for overtime working hours =$92,661.92-$58,599-$4,131).

**D.    Overtime due July 1, 2019 – June 30, 2020 (52 weeks)**

### TOTAL PAID

From July 1, 2019 until June 30 of 2020, Plaintiff was paid $71,238[10] pursuant to the employment contract. (Exhibit A, Bates stamped as ROKPM0049-50, also see Exhibit B). Plaintiff was also paid $8,400.56[11] for overtime. (Dkt #79-14, attached herewith as Exhibit D,

---

[9] Added Overtime hours in the overtime verification ledger
[10] Added monthly wages Nam was paid from July 2019 to June 2020 in Exhibit A
[11] Added TOTAL hours in the overtime verification ledger

bates stamped ROKPM0064-75). Thus, Defendant paid Plaintiff a total of $79,638.56 ($71,238 +$8,400.56).

### TOTAL OVERTIME WORKING HOURS

The overtime verification ledger shows Plaintiff's total overtime working hours during the same period. Plaintiff's overtime hours were 569.30[12] hours.

### REGULAR RATE

Nam's total monthly payment for his regular hours during the same period were $71,238 (Exhibit A, Bates stamped as ROKPM0050) and Nam was paid $1,369.96 per week ($71,238 /52 weeks). For the foregoing reasons, Nam's regular rate is $34.25 ($1,369.96 /40 hours) and the required overtime rate was $51.38.

> STRAIGHT TIME
> 2,080 hours (52 weeks *40 hours/week) * $34.25/hours=$71,240.
> OVERTIME
> Hourly overtime rate= $34.25*1.5=$51.38/hour
> Total overtime hours=569.30
> (569.30 hours)*$ 51.38/hour =$29,250.63.
> TOTAL EARNED
> ($71,240 straight time) +($29,250.63 overtime) =$100,490.63

Accordingly, Plaintiff is entitled to an award of compensatory damages for unpaid overtime in the amount of $**20,852.07** (total earned wages - wages paid for regular hours – wages paid for overtime working hours = $100,490.63-$71,238 -$8,400.56).

### E.   Overtime due July 1, 2020 – June 30, 2021 (52 weeks)

### TOTAL PAID

From July 1, 2020 until June 30 of 2021, Plaintiff was paid $71,437[13] pursuant to the employment contract (Exhibit A, Bates stamped as ROKPM0049, also see Exhibit B). Plaintiff was also paid $8,101.65[14] for overtime. (Dkt #79-14, attached herewith as Exhibit D, bates

---

[12] Added overtime hours in the overtime verification ledger
[13] Added monthly wages Nam was paid from July 2020 to June 2021 in Exhibit A
[14] Added TOTAL hours in the overtime verification ledger

stamped ROKPM0052-63). Thus, Defendant paid Plaintiff a total of $79,538.65 ($71,437 +$8,101.65).

### TOTAL OVERTIME WORKING HOURS

The overtime verification ledger show Plaintiff's total overtime working hours during the same period. Plaintiff's overtime hours was 550.33[15] hours. *Id.*

### REGULAR RATE

Nam's total monthly payment for his regular hours during the same period were $71,437 (Exhibit A, Bates stamped as ROKPM0049) and Nam was paid $1,373.79 per week ($71,437 /52 weeks). For the foregoing reasons, Nam's regular rate is $34.34 ($1,373.79/40 hours) and the required overtime rate was $51.51.

### STRAIGHT TIME

2,080 hours (52 weeks *40 hours/week) * $34.34 /hours=$71,427.20

### OVERTIME

Hourly overtime rate= $34.34 *1.5=$51.51/hour

Total overtime hours=550.33

(550.33 hours)*$51.51/hours=$28,347.50

### TOTAL EARNED

($71,427.20 straight time) +($28,347.50 overtime) =$99,774.70

Accordingly, Plaintiff is entitled to an award of compensatory damages for unpaid overtime in the amount of $**20,236.05** (total earned wages - wages paid for regular hours – wages paid for overtime working hours = $99,774.70-$71,437 -$8,101.65).

As calculated above, total damages for unpaid overtime wages are **$130,083.10**[16] for Nam's five-year employment with Defendant.

## II. Compensatory Damages for Spread of Hours

---

[15] Added Overtime hours in the overtime verification ledger
[16] $33,566.69+$25,496.37+$29,931.92+$20,852.07+$20,236.05=$130,083.10

### A.     From July 1, 2016 to December 31, 2016

Workdays where Plaintiff worked more than 10 hours per day from July 1, 2016 to December 31, 2016 was 116 days. (Dkt #79-14, attached herewith as Exhibit D, bates stamped ROKPM0106-111). The minimum wage rate in 2016 was $10.5 per hour. Thus, His damage for spread of hours is $1,218 ($10.5*116 hours).

### B.     From January 1, 2017 to December 31, 2017

Workdays where Plaintiff worked more than 10 hours per day in 2017 was 206 days. (Dkt #79-14, attached herewith as Exhibit D, bates stamped ROKPM0094-105).  The minimum wage rate in 2017 was $12.00 per hour. Thus, His damage for spread of hours is $2,472 ($12.00*206 hours).

### C.     From January 1, 2018 to December 31, 2018

Workdays where Plaintiff worked more than 10 hours per day in 2018 was 207 days. (Dkt #79-14, attached herewith as Exhibit D, bates stamped ROKPM0082-93).  The minimum wage rate in 2018 was $13.50 per hour. Thus, His damage for spread of hours is $2,794.50 ($13.50*207 hours).

### D.     From January 1, 2019 to December 31, 2019

Workdays where Plaintiff worked more than 10 hours per day in 2019 was 201 days. (Dkt #79-14, attached herewith as Exhibit D, bates stamped ROKPM0070-81). The minimum wage rate in 2019 was $15.00 per hour. Thus, His damage for spread of hours is $3,015.00 ($15.00*201 hours).

### E.     From January 1, 2020 to December 31, 2020

Workdays where Plaintiff worked more than 10 hours per day in 2020 was 186 days. (Dkt #79-14, attached herewith as Exhibit D, bates stamped ROKPM0058-69). The minimum

wage rate in 2020 was $15.00 per hour. Thus, His damage for spread of hours is $2,790.00 ($15.00*186 hours).

### F. From January 1, 2021 to June 30, 2021

Workdays where Plaintiff worked more than 10 hours per day from January 1, 2021 to June 30, 2021, 2016 was 98 days. (Dkt #79-14, attached herewith as Exhibit D, bates stamped ROKPM0052-57). The minimum wage rate in 2021 was $15.00 per hour. Thus, His damage for spread of hours is $1,470.00 ($15.00*98 hours).

As calculated above, total damages for Spread of Hours are **$13,759.50**[17] for Nam's five-year employment with Defendant.

### Total Compensatory Damages

As illustrated above, Plaintiff's total compensatory damages for the entire period during which he worked for Defendant is **$ 143,841.60** ($130,082.10+$13,759.50).

## III. Liquidated Damage

The argument for the liquidated damages set forth in Plaintiff's motion for partial summary judgment is fully incorporated herewith. (Dkt #79). The liquidated damages **$143,841.60** ($130,082.10+$13,759.50).

## IV. Statutory Damages for Wage Notice and Wage Statement

The argument for the statutory violations under NYLL set forth in Plaintiff's motion for partial summary judgment is fully incorporated herewith. (Dkt #79). Nam is entitled to receive **$10,000** ($5,000+$5,000).

## VII. Prejudgment Interest

---

[17] $1,218+$2,472+$2794.5+$3,015+$2,790+$1,470=$13,759.50

Prejudgment interest is calculated at 9% between the midpoint of Plaintiff's employment and the date of entry of default. The midpoint of Nam's employment is December 31, 2018 and the days from the midpoint until today is 1474. Thus, the prejudgment interest is **$52,279.53** ($143,841.60 x 1474 x 9%/365).

**VIII.  Attorney Fees**

Both the FLSA and NYLL entitle a prevailing plaintiff to recovery of attorneys' fees and costs. 29 U.S.C. 216(b); NYLL §§ 198, 663. Plaintiff's counsel will apply to this Court for attorneys' fees if this Court enters partial summary judgment in Plaintiff's favor.

## CONCLUSION

Plaintiff's total damages, including compensatory, liquidated damages and prejudgment interest are **$349,962.73**[18]. For the foregoing reasons, Plaintiff respectfully requests that the Court grant his motion for partial summary judgment and award damages in the amounts set forth herein.

Dated: Flushing, New York
       January 13, 2023

                                  HANG & ASSOCIATES, PLLC.
                                  /s/ Yongjin Bae
                                  Yongjin Bae, Esq.
                                  136-20 38th Ave., Suite 10G
                                  Flushing, New York 11354
                                  Tel: 718.353.8588
                                  E-mail: ybae@hanglaw.com
                                  Attorneys for Plaintiff

---

[18] $130,082.10+$13,759.50+$143,841.60+$10,000+$52,279.53=**$349,962.73**