UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HYUNHUY NAM,<br><br>         Plaintiff,<br><br>-against-<br><br>PERMANENT MISSION OF THE REPUBLIC OF KOREA TO THE UNITED NATIONS,<br><br>         Defendant. | 21-CV-06165 (JLR)<br><br>**MEMORANDUM AND ORDER** |

JENNIFER L. ROCHON, United States District Judge:

  Defendant, Permanent Mission of the Republic of Korea to the United Nations ("Defendant or Permanent Mission") seeks a stay of this action pending its interlocutory appeal of the Court's summary judgment decision. Specifically, Defendant asks this Court to offer guidance on whether it will automatically stay this action or set a briefing schedule for a formal stay motion. *See generally*, ECF No. 105 ("Mot."). Defendant's letter was docketed as a motion to stay. *Id.* For the reasons stated below, because the Plaintiff provided a full substantive opposition, the Court will treat the letter filed by Defendant as a motion to stay and GRANTS the motion.[1]

## BACKGROUND

  Plaintiff Hyunhuy Nam ("Plaintiff" or "Nam") sues Defendant, his former employer, for failure to pay Plaintiff overtime wages earned as a chauffeur in violation of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ('NYLL"), among other claims. *See*

---

[1] In any event, "[t]he power to stay proceedings can be exercised *sua sponte*." *Cracco v. Vance*, No. 14-cv-08235 (PAC), 2018 U.S. Dist. LEXIS 34546, at *4 (S.D.N.Y. Mar. 2, 2018); *Plaintiffs #1-21 v. Cty. of Suffolk*, 138 F. Supp. 3d 264, 279 (E.D.N.Y. 2015) (same); *Morin v. Tormey*, No. 5:07-cv-0517 (DNH) (ATB), 2010 WL 2771826, at *2 n.2 (N.D.N.Y. Apr. 29, 2010) (*sua sponte* determining, in case involving appeal of qualified immunity determination, that it would "not order the defendants to participate in any further discovery pending the resolution of their interlocutory appeal").

*generally*, ECF No. 11 ("Compl."). Both Defendant and Plaintiff moved for summary judgment on July 28, 2022. ECF Nos. 78-79. On February 21, 2023, the Court denied Defendant's motion for summary judgment holding that Defendant was not immune under the Foreign Sovereign Immunities Act ("FSIA"). ECF No. 103 ("SJ Opinion") at 57. The Court partially granted Plaintiff's motion for summary judgment on his claims for unpaid overtime under the FLSA and NYLL. *Id.* The Court ordered the parties to file a joint pre-trial order within forty-five days of its ruling on the summary judgment motions to prepare for trial on the remaining claims in the case. *Id.* On February 22, 2023, Defendant filed an interlocutory appeal to the Second Circuit seeking review of the Court's denial of Defendant's summary judgment motion, arguing that Defendant is immune under the FSIA against the present claims. ECF No. 104.

Following that notice of appeal, Defendant requested that this Court stay the action while the appeal is pending. *See generally* Mot. Plaintiff provided a substantive responsive letter on March 1, 2023, opposing a stay, and addressing the legal factors to be considered in evaluating a request for a stay. ECF No. 107 ("Opp."). Defendant filed a reply to Plaintiff's letter on March 2, 2023. ECF No. 108 ("Reply").

## LEGAL STANDARD

The "determination [of] whether to enter a stay pending an interlocutory appeal is within the discretion of the district court." *Ferring B.V. v. Allergan, Inc.*, 343 F. Supp. 3d 284, 291 (S.D.N.Y. 2018); *Leroy v. Hume*, 563 F. Supp. 3d 22, 25 (E.D.N.Y. 2021) (citations and quotations omitted) (holding, in the context of an appeal of an immunity determination under the PREP Act, that "a stay is not a matter of right . . . [i]nstead, it is a discretionary determination dependent on the specifics of the matter before the court" (internal quotation

marks and citations omitted)).  When considering whether to stay a case during the pendency of an interlocutory appeal, courts consider:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 170 (2d Cir. 2007).  The stay factors are a "sliding scale" in which "[t]he necessary 'level' or 'degree' of possibility of success will vary according to the court's assessment of the other stay factors."  *Thapa v. Gonzales*, 460 F.3d 323, 334 (2d Cir. 2006) (citation omitted).  In other words, "more of one [factor] excuses less of the other."  *Id.* (citation omitted); *see Mohammed v. Reno*, 309 F.3d 95, 101 (2d Cir. 2002) (stating that the moving party's burden of showing the probability of success is reduced when it has shown it will face irreparable injury without a stay).[2]

## DISCUSSION

Defendant asserts that this Court should stay the action because a ruling in Defendant's favor on appeal would render Defendant immune from suit and there would be no need for further action in this case, including a trial.  *See* Mot.  Defendant also references the proceedings in *Pablo Star Ltd. v. Welsh Gov't*, 961 F.3d 555 (2d Cir. 2020) as an example of an "implicit stay" since limited judicial action by the district court was taken while an FSIA

---

[2] *Nat'l Rifle Assoc. of Am. v. Cuomo*, No. 1:18-cv-0566, 2022 WL 152534, at *1-2 (N.D.N.Y. Jan. 18, 2022) provides a helpful overview of approaches courts have taken in evaluating stays pending resolution of interlocutory appeals to the Second Circuit of decisions denying qualified immunity.  Given that this Court will grant the stay under the four-factor approach, the Court need not address whether a divestiture rule or dual jurisdiction rule would give rise to the same result.

appeal was pending. *Id.* at 2. Finally, the Defendant asserts that waiting for the Second Circuit to decide Defendant's appeal would conserve judicial resources. *Id.*

Plaintiff opposes the entry of a stay. Plaintiff addresses the four-factor test and argues that Defendant cannot show a likelihood of success on the merits of its appeal because the Court correctly held that Plaintiff's employment fell within the commercial exception of the FSIA. Opp. at 2. Plaintiff argues that Defendant has not demonstrated that it would be irreparably harmed by the case progressing. *Id.* On the other hand, Plaintiff alleges he faces hardship if a stay is granted because he will remain uncompensated for his unpaid overtime claims, despite a summary judgment order in his favor, and trial on his remaining claims will be delayed. *Id.*

First, as to the factor of irreparable harm, Plaintiff contends that denying a stay would not cause Defendant irreparable injury because "[m]ere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of the stay, are not enough to show irreparable harm." Opp. at 2 (quoting *In re Bogdanovich*, No. 00- cv-02266 (JGK), 2000 WL 1708163, at *6 (S.D.N.Y. Nov. 14, 2000) (declining to stay case pending a bankruptcy appeal)). But in cases where a party claims immunity, courts have held that proceeding to trial during the appeal causes irreparable harm. *See Plummer v. Quinn*, No. 07-cv-6154 (WHP), 2008 WL 383507, at *1 (S.D.N.Y. Feb. 12, 2008) ("[Defendant] will be irreparably harmed if this case proceeds to trial because any immunity from suit to which she may be entitled will be lost before her appeal is decided."). As courts have held in the analogous context of appeals of claims of qualified immunity, "immunity is more than a simple defense – it is 'an entitlement not to stand trial or face the other burdens of litigation, . . . an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.'" *Noel Pane v*

4

*City of Greenburgh*, No. 07-cv-3216 (LMS), 2012 WL 12886971, at *4 (S.D.N.Y. March 21, 2012) (quoting *Loria v. Gorman*, 306 F.3d 1271, 1281 (2d Cir. 2002)).  Similarly, the Second Circuit has held that "sovereign immunity is conceptualized as immunity from suit, and not just immunity from liability[.]"  *Atlantica Holdings v. Sovereign Wealth Fund Samruk-Kazyna JSC*, 813 F.3d 98, 116 (2d Cir. 2016).  Here, Defendant would be irreparably harmed if a stay is not granted as Defendant would lose the benefit of immunity from suit and trial if the Court of Appeals were to ultimately find that Defendant is immune under the FSIA.  *See Plummer*, 2008 WL 383507, at *1-2 (granting motion to stay when reversal of district court's opinion on qualified immunity would result in a dismissal of the case).  Thus, this factor weighs heavily in favor of a stay.

The Court next considers whether granting a stay would cause substantial injury to Plaintiff.  *See In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d at 170.  Notwithstanding Plaintiff's argument that a stay would delay Plaintiff's recovery of the damages the Court awarded on summary judgment and ultimate trial, this factor does not weigh against a stay. *See* Opp. at 3.  Plaintiff is no longer working with the Mission, discovery has concluded, many of the claims have already been decided on summary judgment such that only a subset of the claims remain to be tried, and Plaintiff is seeking only monetary damages related to his past employment.  Given this, Plaintiff will not face substantial harm due to a stay of the trial while this interlocutory appeal is decided.  *See Plummer*, 2008 WL 383507, at *1 (staying case when money damages could compensate any harm); *Noel Pane*, 2012 WL 12886971, at *4 ("[Plaintiff] will be able to recover monetary damages as compensation for any injury that she can prove she suffered."); *cf. In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d at 170 (vacating stay in part because of the harm to the plaintiffs and public because "plaintiffs have life-threatening injuries, some of whom have died since the litigation began").

Because the potential for irreparable injury to Defendant is significant, and Plaintiff is not substantially harmed by the stay, Defendants need only make a minimal showing of likelihood of success on appeal. *See Thapa*, 460 F.3d at 334 ("[T]he probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury plaintiff will suffer absent the stay." (quoting *Mohammed*, 309 F.3d at 100-01)). Although this Court believes its decision with respect to immunity under the FSIA was proper, especially given the Second Circuit's decision in *Pablo Star*, there is a possibility that the Court of Appeals will conclude otherwise given that there is at least one other district court that has held that, in certain circumstances, the employment of a chauffeur at a diplomatic mission qualifies as "commercial activity" under the FSIA. *See generally Figueroa v. Ministry for Foreign Affs. of Sweden*, 222 F. Supp. 3d 304 (S.D.N.Y. 2016).

Lastly, the Court considers the public interest. *See In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d at 170. Defendant argues that proceeding apace with the trial risks wasting judicial resources if the Second Circuit holds that Defendant is immune from suit. Mot. at 1. Plaintiff does not address this factor. *See generally* Opp. The Court agrees with Defendant that proceeding with trial risks wasting the resources of the parties, the Court, and the public, if Defendant is ultimately found to be immune from suit. *See Ferring B.V. v. Allergan, Inc.*, 343 F. Supp. 3d 284, 292 (S.D.N.Y. 2018) ("It would be a waste of resources – the parties', the Court's, and the public's – to proceed to a trial that turns out to be a nullity."). This factor weighs in favor of a stay.

Weighing all of these factors, and most significantly, the irreparable harm to Defendant from proceeding through trial if the Court of Appeals ultimately holds that it is immune under the FSIA, the Court determines that a stay should be granted.[3]

## CONCLUSION

For the foregoing reasons, Defendant's request to stay the case is GRANTED pending the consideration of Defendant's interlocutory appeal by the Second Circuit.

The Clerk of Court is respectfully directed to terminate the motion pending at ECF No. 105.

Dated: March 10, 2023
New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge

---

[3] Plaintiff's reliance on *In re Facebook, Inc., IPO Securities and Derivative Litigation*, 42 F. Supp. 3d 556, 558 (S.D.N.Y. 2014), does not change the Court's analysis. Opp. at 1. Far from supporting Plaintiff's argument, the *Facebook* court rejected a motion to compel discovery while the issue of qualified immunity was on appeal to the Second Circuit and stated "[a]s a general rule, when an appeal of the denial of qualified immunity is under consideration, discovery should not proceed." *In re Facebook, Inc., IPO Secs. & Derivative Litig.*, 42 F. Supp. 3d at 558, 561.

7